UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD E. BRADLEY, *et al.*,<br><br>Defendants. | Case No. 2:19-cv-01466-TLN-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 16 |

Plaintiff United States of America seeks to reduce to judgment outstanding federal tax assessments made against defendant Richard Bradley and foreclose federal tax liens upon real property commonly known as 15696 Meridian Road, Chico, CA 95973 ("subject property"). ECF No. 16-1 at 2.[1] Richard Bradley has not answered the complaint or otherwise appeared. On February 3, 2021, plaintiff moved for default judgment. ECF No. 16. The court held a hearing on April 29, 2021, but only plaintiff's counsel appeared. Because defendant Richard Bradley was properly served and because the relevant discretionary factors point in favor of default judgment,

---

[1] Plaintiff also named the State of California, Franchise Tax Board, and Troy Kidd, Butte County Treasurer-Tax Collector as defendants in this action under 26 U.S.C. § 7403 as parties who may claim an interest in the subject property. Plaintiff reached separate stipulated agreements with those defendants that have been ordered. ECF Nos. 8, 12.

1

I recommend that plaintiff's motion be granted.

**DISCUSSION**

Federal Rule of Civil Procedure 55(b)(2) allows a court to enter judgment against a party who has defaulted. While the decision to do so is "discretionary," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980), it is guided by several factors. As a preliminary matter, the court must assess the adequacy of service on the party against whom the default judgment would be entered. *See Cranick v. Niagara Credit Recovery, Inc.*, No. 1:13-CV-671 LJO GSA, 2014 WL 325321, at *1 (E.D. Cal. Jan. 28, 2014); *see also Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[B]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). If service was sufficient, the court looks to a number of factors, including: possible prejudice to the plaintiff, the merits of plaintiff's claim, the sufficiency of the complaint, the sum of money at stake, the possibility of a factual dispute, whether the default was potentially due to excusable neglect, and the general policy that cases be decided on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986). Throughout this analysis, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Here, personal service on defendant Bradley was properly completed, ECF No. 6, and the clerk of court entered a default on November 5, 2019, ECF No. 14. The *Eitel* factors also point in favor of granting default judgment. Generally, a plaintiff has no means other than a default judgment to recover against a defaulting defendant and would be prejudiced if judgment were not entered. *See Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012). Plaintiff's complaint also states a straightforward claim that appears meritorious: Richard Bradley owes federal income tax, penalties, interests, and fees for tax period years 2002, 2003, 2005, and 2006, collectively exceeding $300,000. ECF No. 16-2. Plaintiff thus seeks to foreclose its tax liens against real property owned by Richard Bradley and located at 15696 Meridian Road, Chico, CA 95973. ECF No. 1 at 2.

As to plaintiff's first claim, under 26 U.S.C. § 7402(a), the United States is entitled to

reduce outstanding tax liabilities to judgment. Here, plaintiff has provided IRS forms 4340 for tax years 2002, 2003, 2005, and 2006. ECF No. 16-3 at 61-93. Forms 4340 are presumptive proof of a valid assessment and are routinely used to prove that tax assessments have been made. *See Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993), *cert. denied*, 512 U.S. 1219 (1994). Thus, defendant Bradley is indebted to the United States in the amount of $308,400.30, as of January 29, 2021, less any subsequent payments or credits, plus interest and other statutory additions, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c)(1), until the judgment is fully paid.

On the second claim, when a taxpayer neglects or refuses to pay taxes that are due, federal tax liens arise as of the date of assessment on all the taxpayer's property and rights to property, and those liens continue until the liabilities either are satisfied or become unenforceable. *See* 26 U.S.C. §§ 6321, 6322. Per the forms 4340, the IRS made federal tax assessments against defendant Bradley, and the IRS appropriately issued and recorded notices of federal tax lien. ECF No. 16-3 at 61-127. Tax liens "reach every interest in property that a taxpayer may have." *United States v. National Bank of Commerce*, 472 U.S. 713, 720 (1985). Under 26 U.S.C. § 7403, once it is established that the United States has liens upon certain property, the United States may foreclose those liens, sell the property, and apply the proceeds toward the tax liens at issue. *See United States v. Craft*, 535 U.S. 274 (2002). Accordingly, the United States is entitled to foreclose on the subject property owned by Mr. Bradley.

Notices and demands for these tax liabilities were sent to Mr. Bradley, reducing the risk that there is some factual dispute. The amount assessed is governed by statute. And given that defendant was properly served, there is no evidence before the court that his failure to appear is due to excusable neglect. *Eitel* does make clear that "[c]ases should be decided upon their merits whenever reasonably possible." 782 F.2d at 1472. But, standing alone, this policy preference is insufficient to deny default judgment against a defendant who has failed to appear and defend himself. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). With no appearance from the defendant, a decision on the merits is unworkable.

Finally, the United States requests that this court retain jurisdiction over this case but

delay ordering sale of the subject property because plaintiff believes that the subject property is Bradley's primary residence and does not wish to displace him from his home during a global pandemic. Plaintiff seeks permission to update the court periodically with a status report until it eventually files a motion for order of sale.

**FINDINGS AND RECOMMENDATIONS**

I recommend that this court grant plaintiff's motion, ECF No. 16, and enter default judgment as follows:

> (A) Defendant Richard E. Bradley is indebted to the United States in the amount of $308,400.30, as of January 29, 2021, less any subsequent payments or credits, plus interest and other statutory additions, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c)(1), until the judgment is fully paid;
>
> (B) The United States has valid federal tax liens against all of defendant Richard E. Bradley's property and rights to property, including the subject property;
>
> (C) The United States may foreclose its liens upon the subject property, with the proceeds to be distributed per the court's findings as to the validity and priority of the liens and claims of all parties;
>
> (D) The court retains jurisdiction over this action pending the United States' filing of a motion for order of sale and the court later confirming any judicial sale; and
>
> (E) The United States shall file a status report every 90 days addressing whether proceeding with a forced sale of the subject property is appropriate until a motion for order of sale is filed.

These recommendations will be submitted to the U.S. district judge presiding over the

4

case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  June 8, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE