UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD E. BRADLEY; STATE OF CALIFORNIA, FRANCHISE TAX BOARD; TROY KIDD, Butte County Treasurer-Tax Collector;<br><br>Defendants. | No. 2:19-cv-01466-TLN-JDP<br><br>**ORDER** |

This Order of Foreclosure and Judicial Sale ("Order of Sale") is entered under 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 2001 and 2002. The Court hereby ORDERS as follows:

//

//

//

//

//

//

1.     This Order of Sale applies to real property commonly known as 15696 Meridian Road, Chico, CA 95973, APN: 047-200-089 ("Subject Property").  The Subject Property is more particularly described as follows:

> All that real property situate in the County of Butte, State of California, more particularly described as follows;
>
> Being a portion of Parcel 3 of Parcel Map Recorded in Book 111 of Parcel Maps at Page(s) 15, 16, 17, & 18 in the Office of the Recorder of the County of Butte, state of California, February 29, 1988, more particularly described as follows;
>
> Beginning at the southwest corner of Parcel 3 of Parcel Map Recorded in Book 111 of Parcel Haps at Page(s) 15, 16, 17, & 18, also being the easterly right of way line of Meridian Road and being the TRUE POINT OF BEGINNING;
>
> THENCE North 89° 51' 22" East leaving the right of way line of Meridian Road a distance of 2563.94 feet;
>
> THENCE North 04° 09' 49" East a distance of 2564.94 feet to a point on the North line of Parcel 3;
>
> THENCE North 89° 34' 03" West a distance of 1316.85 feet;
>
> THENCE South 03° 42' 01" West to a point on the northerly line of Wookey Road a distance of 87.33 feet;
>
> THENCE South 88° 03' 21" West along the northerly line of Wookey Road a distance of 1396.53 feet to a point on the easterly right of way line of Meridian Road;
>
> THENCE South 00° 45' 03" West along the easterly right of way line of Meridian Road a distance of 2440.23 feet to the TRUE POINT OF BEGINNING.
>
> Excepting that portion of Wookey Road deeded to the County of Butte under Recorder's Serial Number 88-6634.
>
> Containing 148.42 acres more or less.

2.     On July 15, 2021, the Court entered an Order adopting the magistrate judge's findings and recommendations issued on June 8, 2021 (ECF No. 19).  ECF No. 20.  The Court ordered as follows:

   a.     Defendant Richard E. Bradley is indebted to the United States of America in the amount of $308,400.30, as of January 29, 2021, less any subsequent payments or credits,

1   plus interest and other statutory additions under 26 U.S.C. §§ 6601, 6621, and 6622, and 28
2   U.S.C. § 1961(c)(1) until the judgment is fully paid.
3        b.   The United States has valid federal tax liens against all of Richard E.
4   Bradley's property and rights to property, including the Subject Property.
5        c.   The United States may foreclose its liens upon the Subject Property, with
6   the proceeds to be distributed per the Court's findings as to the validity and priority of the liens
7   and claims of all parties.
8   3.   Accordingly, the United States' federal tax liens against the Subject Property are
9   hereby foreclosed.  The United States Marshal, his/her representative, or an Internal Revenue
10  Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and
11  directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject
12  Property free and clear of the right, title, and interest of all parties to this action and any
13  successors in interest or transferees of those parties.  The United States may choose either the
14  United States Marshal or a PALS representative to carry out the sale under this Order of Sale and
15  shall make the arrangements for any sale as set forth in this Order.  This Order of Sale shall act as
16  a special writ of execution and no further orders or process from the Court shall be required.
17  4.   The United States Marshal, his/her representative, or a PALS representative is
18  authorized to have free access to the Subject Property and to take all actions necessary to preserve
19  the Subject Property, including, without limitation, retaining a locksmith or other person to
20  change or install locks or other security devices on any part thereof, until a deed thereto is
21  delivered to the ultimate purchaser(s).
22  5.   The terms and conditions of the sale are as follows:
23       a.   Except as otherwise stated herein, the sale of the Subject Property shall be
24  by public auction to the highest bidder, free and clear of all liens and interests.
25       b.   The sale shall be subject to all laws, ordinances, and governmental
26  regulations (including building and zoning ordinances), affecting the premises, and easements and
27  restrictions of record, if any.
28

3

    c. The sale shall be held at the United States District Court for the Eastern District of California, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

    d. Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Butte County, California, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. State or local law notice requirements for foreclosures or execution sales do not apply to these sales under federal law, and state or local law regarding redemption rights do not apply to these sales. The notice of sale shall describe the Subject Property, separately, and shall contain the material terms and conditions of sale in this Order of Sale.

    e. The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder.

    f. Bidders shall be required to deposit, at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of 10 percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

    g. The balance of the purchase price of the Subject Property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall

be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied first to the federal tax liabilities of Richard E. Bradley. The Subject Property shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative, sold to the second-highest bidder. The United States may bid as a credit without tender of cash.

        h.      The sale of the Subject Property shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

        i.      Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser or purchasers.

        j.      Upon confirmation of the sale, the interests of, liens against, or claims to the Subject Property held or asserted by the United States in the Complaint and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001. Redemption rights under state or local law shall not apply to this sale under federal law.

        k.      Upon confirmation of the sale, the purchaser or purchasers shall have the recorder of deeds, in the Butte County Recorder's Office, cause the transfer of the Subject Property to be reflected in the county property records.

        l.      All rights to rents of or from the Subject Property arising after the final judgment in this action and before the confirmation of the sale of the Subject Property shall constitute proceeds of the Subject Property and such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Subject Property. On confirmation of the sale of the Subject Property, all rights to product, offspring, rents, and profits of or from the Subject Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Subject Property shall transfer to the successful bidder(s).

6. Until the Subject Property is sold, Richard E. Bradley shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the Subject Property.  He shall keep current in paying real property taxes as they are assessed.  He shall not commit waste against the Subject Property, nor shall he cause or permit anyone else to do so.  He shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall he cause or permit anyone else to do so.  He shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall he cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of Court and punishable as such.

7. All persons occupying the Subject Property shall leave and permanently vacate the Subject Property no later than 30 days after the entry of this Order, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating.  If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property is being conducted by a PALS representative.  **Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purpose of executing this Order.  The Unites States Marshal is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order.**

8. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining at the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner

1  they see fit, including sale, in which case the proceeds of sale are to be applied first to the

2  expenses of sale, and then to the tax liabilities described in Paragraph 2.

3       9.     Notwithstanding the terms of Paragraphs 7 and 8, if, after the sale of the Subject

4  Property is confirmed by this Court, the Subject Property remains occupied, a writ of assistance

5  may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal

6  Rules of Civil Procedure to compel delivery of possession of the Subject Property to the

7  purchaser or purchasers thereof.

8       10.    If Richard E. Bradley, or any other person occupying the Subject Property, vacates

9  the Subject Property prior to the deadline set forth in Paragraph 7, above, such person shall notify

10  counsel for the United States no later than two business days prior to vacating the property of the

11  date on which he or she is vacating the property.  Notification shall be made by leaving a message

12  for counsel for the United States, Christian Mejia, at (202) 305-7548.

13      11.    The Marshal, his or her representative, or a PALS representative, shall deposit the

14  amount paid by the purchaser or purchasers into the registry of the Court.  Upon appropriate

15  motion for disbursement or stipulation of the parties, the Court will disburse the funds in the

16  following order of preference until these expenses and liens are satisfied: first, to the Internal

17  Revenue Service for allowed costs and expenses of sale, including any commissions due under

18  28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to

19  secure or maintain the Subject Property pending sale and confirmation by the Court; second, to

20  Butte County to satisfy any existing Butte County secured real property tax liens (as set forth in

21  the Court's Order dated September 27, 2019, ECF No. 8); third, to the United States to satisfy the

22  federal tax liabilities of Richard E. Bradley; and fourth, to the State of California, Franchise Tax

23  Board to satisfy the Richard E. Bradley's state tax liabilities (as set forth in the Court's Order

24  dated October 15, 2019, ECF No. 12).

25  IT IS SO ORDERED. **DATE:  December 14, 2021**

26

27

28

                Troy L. Nunley
                United States District Judge